## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AEI WINDDOWN, INC.,[1]<br><br>               Debtor. | Chapter 11<br><br>Case No. 17-10500 (KG) |
| AQUION LIQUIDATING TRUST, BY AND THROUGH ITS LIQUIDATING TRUSTEE,<br><br>               Plaintiff,<br><br>               v.<br><br>AGROFERT USA, INC.,<br><br>               Defendant. | Adv. Proc. No. 19-50118 (KG) |

### AFFIDAVIT OF COUNSEL IN SUPPORT OF (I) PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT AND (II) PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT JUDGMENT

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | SS: |
| COUNTY OF NEW CASTLE | ) | |

The undersigned, being first duly sworn under oath, deposes and says based upon personal knowledge, information and belief:

1.     I am an attorney admitted to practice in the United States Bankruptcy Court for the District of Delaware and before this Court, among other jurisdictions.

---

[1] The Debtor in this chapter 11 case and the last four digits of the Debtor's U.S. tax identification number is AEI Winddown, Inc. (f/k/a Aquion Energy, Inc.) (1370). The Debtor's headquarters is located at AEI Winddown, Inc. (f/k/a Aquion Energy, Inc.) c/o Suzanne Roski, 1051 East Cary Street, Suite 602, Richmond, VA 23219.

2.      I submit this affidavit in support of (I) Plaintiff's Request for Entry of Default and (II) Plaintiff's Request for Entry of Default Judgment, pursuant to Federal Rule of Civil Procedure 55(b)(1), made applicable by Federal Rule of Bankruptcy Procedure 7055.

3.      I am one of the attorneys for the captioned Plaintiff in this adversary proceeding and have personal knowledge of the facts set forth in this affidavit.

4.      On March 7, 2019, Plaintiff filed the Complaint for Avoidance and Recovery of Preferential Transfers Pursuant to 11 U.S.C. §§ 547 & 550 (the "Complaint") against Defendant Agrofert USA, Inc. ("Defendant"), seeking to avoid and recover, pursuant to 11 U.S.C. §§ 547 and 550, preferential transfers made to Defendant in the amount of $81,368.20.

5,      On March 7, 2019, the Summons (the "Summons") was issued.

6.      The Summons stated that Defendant was required to file a response to the Complaint within 30 days of the date of issuance of the Summons.

7.      On March 7, 2019, Plaintiff served the Summons and the Complaint on Defendant and filed the Certificate of Service.

8.      The Complaint, Summons and Certificate of Service are attached as Exhibit 1 to this Affidavit.

9.      The time within which Defendant may answer, move or otherwise respond to the Complaint has expired.

10.      Defendant has not answered, moved or otherwise responded to the Complaint within the time limit fixed by Bankruptcy Rule 7012(a) as extended.  In addition, I have examined the docket in the Adversary Proceeding, and no response by Defendant is reflected thereon apart from the March 28, 2019, letter "refusing any and all claims in this matter" [Adv. Docket No. 4], which does not constitute an answer, response, or motion.

11.     To the best of my knowledge and belief based upon the documents in our files, Defendant is not an infant, an incompetent person, or in military service.

12.     Pursuant to Del. Bank. L.R. 7055-1, a copy of Plaintiff's Request for Entry of Default and Plaintiff's Request for Entry of Default Judgment, together with this Affidavit, is contemporaneously being served on Defendant at the addresses listed on the Certificate of Service.

_____
Michael R. Seidl (DE Bar No. 3889)

SWORN TO AND SUBSCRIBED
before me this 22nd day of May 2019

_____
Notary Public
My Commission Expires: March 6, 2021

DOCS_DE:223929.1 05436/001

# Exhibit 1

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AEI WINDDOWN, INC.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 17-10500 (KJC) |
| AQUION LIQUIDATING TRUST, BY AND THROUGH ITS LIQUIDATING TRUSTEE,<br><br>Plaintiff,<br><br>v.<br><br>AGROFERT USA, INC.,<br><br>Defendant. | Adv. Proc. No. 19-50118 (KJC) |

## COMPLAINT FOR AVOIDANCE AND RECOVERY
## OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 & 550

Plaintiff, the Aquion Liquidating Trust, established by the confirmed chapter 11 plan of the above-captioned debtor (the "Debtor"), as represented by its duly appointed Liquidating Trustee, Suzanne B. Roski (the "Plaintiff"), not individually but solely as Liquidating Trustee of the Aquion Liquidating Trust, for her *Complaint for Avoidance and Recovery of Preferential Transfers Pursuant to 11 U.S.C. §§ 547 & 550* (the "Complaint") against Agrofert USS, Inc. (the "Defendant"), alleges as follows:

---

[1] The Debtor in this chapter 11 case and the last four digits of the Debtor's U.S. tax identification number is AEI Winddown, Inc. (f/k/a Aquion Energy, Inc.) (1370). The Debtor's headquarters is located at AEI Winddown, Inc. (f/k/a Aquion Energy, Inc.) c/o Suzanne Roski, 1051 East Cary Street, Suite 602, Richmond, VA 23219.

**Nature of the Action**

1.      The Plaintiff brings this action against the Defendant to avoid and recover certain preferential transfers that occurred during the 90-day period prior to commencement of the Debtor's bankruptcy case.

**The Parties**

2.      The Aquion Liquidating Trust (the "Liquidating Trust") was established pursuant to the Plan and Confirmation Order (each as defined below). The Liquidating Trust was established for the benefit of the holders of claims entitled to receive distributions from the Liquidating Trust under the Plan and is authorized under the Plan, the Confirmation Order, and its trust agreement to bring this action. The Liquidating Trustee (the "Trustee") is the representative of the Debtor's estates under section 1123(b)(3)(B) of Chapter 11 of Title 11, United States Code (the "Bankruptcy Code") and is authorized, on behalf of the Liquidating Trust, to litigate all Causes of Action of the Liquidating Trust as defined in the Plan.

3.      Upon information and belief, the Defendant is a corporation formed under the laws of the State of Ohio that maintains its principal place of business at 463 Johnny Mercer Blvd. B-7 #294, Savannah, GA 31410.

**Jurisdiction and Venue**

4.      The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has jurisdiction over this adversary proceeding under the Bankruptcy Code pursuant to 28 U.S.C. §§ 157(a) and 1334(a).

5.      This proceeding is a core proceeding within the meaning of 28 U.S.C. § 157(b) and the Bankruptcy Court may enter final orders for the matters contained herein.

6.      Pursuant to Local Bankruptcy Rule 7008-1, the Plaintiff affirms her consent to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

7.      Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

8.      This adversary proceeding is commenced pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and sections 547 and 550 of the Bankruptcy Code.

### Case Background

9.      On March 8, 2017, the Debtor commenced a case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code  (the "Chapter 11 Case").

10.     On December 19, 2017, the Bankruptcy Court entered the *Order Granting Final Approval of the Disclosure Statement and Confirming Debtor's Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* (the "Confirmation Order") [Docket No. 484] confirming the Debtor's *Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* (the "Plan") attached as Exhibit A to the Confirmation Order.  The Plan became effective on February 22, 2018 (the "Effective Date").

11.     Upon the Effective Date, the Liquidating Trust was established, and the Trustee was appointed.  Under the Plan and Confirmation Order, this action was transferred to the Liquidating Trust.

**Facts**

12.     Prior to the commencement of the Chapter 11 Case and the sale of substantially all of its assets, the Debtor manufactured saltwater batteries with a proprietary, environmentally-friendly electrochemical design.  The Debtor was founded in 2008, was based in Pittsburgh, and had its first commercial product launch in 2014.  The Debtor's products included battery stacks, modules, and monitoring systems.  More than 55 global dealers and distributors sold the Debtor's products directly to end users and other customers that incorporated the batteries into third-party systems and equipment such as inverters, controls, solar/wind generators, gensets, racking, and enclosures.

13.     Prior to the Petition Date, the Debtor made certain payments to Defendant for manufacturing materials and other goods supplied to the Debtor pursuant to invoices or statements submitted by Defendant to the Debtor, including but not limited to the transactions between the parties identified on Exhibit A attached hereto.

14.     During the ninety days prior to the Petition Date, the Debtor made payments to or for the benefit of the Defendant, including those identified on Exhibit A attached hereto (collectively, the "Transfers").  Exhibit A sets forth the details of each of the Transfers, including the check or payment number, the payment date, the clear date, the payment amount, the invoice date, the invoice number, and the invoice amount.  All of the Transfers were made by the Debtor.  The aggregate amount of the Transfers is not less than $81,368.20.

15.     Although it is possible that some Transfers might be subject in whole or in part to defenses under 11 U.S.C. § 547(c), the Defendant bears the burden of proof pursuant to 11 U.S.C. § 547(g) to establish any defense(s) under 11 U.S.C. § 547(c).

## First Claim for Relief

### (Avoidance of Preferential Transfers—11 U.S.C. § 547)

16.     The Plaintiff repeats and realleges the allegations in paragraphs 1 through 15, above, as though fully set forth at length.

17.     Within the ninety days prior to the Petition Date, the Debtor made the Transfers to Defendant in the total amount of $81,368.20 as more specifically described in Exhibit A.

18.     Each of the Transfers to the Defendant was a transfer of property of the Debtor.

19.     Each of the Transfers to the Defendant was made to or for the benefit of the Defendant.

20.     The Defendant was a creditor of the Debtor (within the meaning of 11 U.S.C. § 110(10)) at the time that each of the Transfers was made or, alternately, received each of the Transfers for the benefit of a creditor or creditors of the Debtor.

21.     Each of the Transfers to the Defendant was made on account of an antecedent debt owed by the Debtor to the Defendant before the transfer was made.

22.     Each of the Transfers was made while the Debtor was insolvent. The Debtor is presumed to be insolvent during the 90 days preceding the Petition Date pursuant to 11 U.S.C. § 547(f).

23.     Each of the Transfers enabled the Defendant to receive more than the Defendant would have received if (i) the transfers and/or payments had not been made, and

(ii) the Defendant received payment on account of the debt paid by each of the Transfers to the extent provided by the Bankruptcy Code.

24.    As of the date hereof, the Defendant has not returned any of the Transfers to the Plaintiff.

25.    The Plaintiff is entitled to an order and judgment under 11 U.S.C. § 547 that the Transfers are avoided.

### Second Claim for Relief

### (Recovery of Property—11 U.S.C. § 550)

26.    The Plaintiff repeats and realleges the allegations in paragraphs 1 through 25, above, as though fully set forth at length.

27.    Pursuant to 11 U.S.C. § 550(a), to the extent that a transfer is avoided under 11 U.S.C. § 547, the Plaintiff may recover for the benefit of the estate the property transferred or the value of such property from (a) the initial transferee of such transfer or the entity for whose such transfer was made or (b) any immediate or mediate transferee of such initial transferee.

28.    The Defendant is either the (a) initial transferee of the Transfers, the entity for whose benefit the Transfers were made, or (b) an immediate or mediate transferee of the initial transferee.

29.    Subject to the Defendant's potential defenses, the Plaintiff is entitled to recover the value of the Transfers pursuant to 11 U.S.C. § 550(a).

**WHEREFORE,** the Plaintiff prays for judgment as follows:

1.    For a determination that each of the Transfers is avoidable as a preferential

transfer under Section 547 of the Bankruptcy Code, and that the Plaintiff is entitled to recover

the Transfers in the total amount of $81,368.20 under Section 550 of the Bankruptcy Code;

2.    For costs of suit incurred herein, including, without limitation, attorneys'

fees;

3.    For pre- and post-judgment interest on the judgment amount to the fullest

extent allowed by applicable law; and

4.    For such other and further relief as the Court may deem just and proper.

Dated: March 7, 2019                    PACHULSKI STANG ZIEHL & JONES LLP

                                        /s/ Michael R. Seidl
                                        Laura Davis Jones (DE Bar No. 2436)
                                        David M. Bertenthal (CA Bar No. 167624)
                                        Michael R. Seidl (DE Bar No. 3889)
                                        Joseph M. Mulvihill (Bar No. 6061)
                                        919 North Market Street, 17th Floor
                                        P.O. Box 8705
                                        Wilmington, DE  19899 (Courier 19801)
                                        Telephone:  (302) 652-4100
                                        Facsimile:  (302) 652-4400
                                        Email: ljones@pszjlaw.com
                                               dbertenthal@pszjlaw.com
                                               mseidl@pszjlaw.com
                                               jmulvihill@pszjlaw.com

                                        Counsel to the Liquidating Trustee

# EXHIBIT A

PAYEE:          **Agrofort USA**
                **463 Johnny Mercer Blvd. B-7 #294**
                **Savannah, GA 31410**

| Check / Wire No. | Check Date | Cleared Date | Payment Amt. | Invoice Date. | Invoice No. | Invoice Amt. | Amt. Paid |
|---|---|---|---|---|---|---|---|
| 22777 | 12/21/16 | 01/04/17 | $ 25,923.65 | 11/18/16 | 3324 | $ 25,923.65 | $ 25,923.65 |
| 23068 | 01/25/17 | 02/02/17 | 3,197.25 | 12/23/16 | 3342 | 3,197.25 | 3,197.25 |
| 23111 | 02/01/17 | 02/08/17 | 26,273.65 | 01/01/17 | 3346 | 26,273.65 | 26,273.65 |
| 23280 | 02/15/17 | 02/27/17 | 25,973.65 | 01/12/17 | 3358 | 25,973.65 | 25,973.65 |
| Total Transfers | | | $ 81,368.20 | | | $ 81,368.20 | $ 81,368.20 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AEI WINDDOWN, INC., | ) | Case No. 17-10500 (KJC) |
| | ) | |
| Debtor. | ) | |
| ———————————————— | ) | |
| | ) | |
| AQUION LIQUIDATING TRUST, BY AND | ) | |
| THROUGH ITS LIQUIDATING TRUSTEE, | ) | |
| | ) | Adversary No. 19-50118 (KJC) |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| AGROFERT USA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### SUMMONS AND NOTICE OF PRETRIAL CONFERENCE IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to file a motion or answer to the complaint which is attached to this summons with the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall file a motion or answer to the complaint within 35 days.

| | |
|---|---|
| Address of Clerk: | United States Bankruptcy Court |
| | 824 Market Street, 3rd Floor |
| | Wilmington, DE  19801 |

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.  Name and Address of Plaintiff's Attorneys:

> PACHULSKI STANG ZIEHL & JONES LLP
> Laura Davis Jones (DE Bar No. 2436)
> David M. Bertenthal (CA Bar No. 167624)
> Michael R. Seidl (DE Bar No. 3889)
> Joseph M. Mulvihill (DE Bar No. 6061)
> 919 North Market Street, 17th Floor
> P.O. Box 8705
> Wilmington, DE  19899-8705 (Courier 19801)
> Telephone:  (302) 652-4100
> Facsimile:  (302) 652-4400

If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 7012.

YOU ARE NOTIFIED that a pretrial conference of the proceeding commenced by the filing of the complaint will be held at the following time and place.



| | |
|---|---|
| Address: United States Bankruptcy Court | Courtroom No. 5 |
| 824 Market Street, 5th Floor | |
| Wilmington, DE  19801 | Date and Time: May 29, 2019 at 10:00 a.m. ET |

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

**United States Bankruptcy
Court for the District of Delaware**
Date:  March 7, 2019

_/s/ Una O'Boyle_
Clerk of the Bankruptcy Court

## CERTIFICATE OF SERVICE

I, Karina Yee, certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made. I further certify that the service of this summons and a copy of the complaint was made March 7, 2019 by:

☒    Mail Service: Regular, first class United States mail, postage fully pre-paid, and certified mail, return receipt requested addressed to:

### SEE ATTACHED SERVICE LIST

☐    Personal Service: By leaving the process with defendant or with an officer or agent of defendant at:

☐    Residence Service: By leaving the process with the following adult at:

☐    Certified Mail Service on an Insured Depository Institution: By sending the process by certified mail addressed to the following officer of the defendant at:

☐    Publication: The defendant was served as follows: [Describe briefly]

☐    State Law: The defendant was served pursuant to the laws of the State of _____, as follows: [Describe briefly]                      (name of state)

Under penalty of perjury, I declare that the foregoing is true and correct.

Dated: March 7, 2019

*Karina Yee*
_____
Karina Yee, Paralegal
PACHULSKI STANG ZIEHL & JONES LLP
919 North Market Street, 17th Floor
Wilmington, DE  19899-8705 (Courier 19801)

AEI Winddown – Service List re Agrofert USA, Inc.
Main Case No. 17-10500 (KJC)
Doc. No. 223063
02 – First Class Mail
02 – Certified Mail Return Receipt


**First Class Mail**
President or CEO
Agrofert USA, Inc.
463 Johnny Mercer Blvd. B-7 #294
Savannah, GA  31410

**First Class Mail**
John Difeo
Registered Agent for Agrofert USA, Inc.
3092 Bird Drive
Ravenna, OH  44266-9508

**Certified Mail Return Receipt**
President or CEO
Agrofert USA, Inc.
463 Johnny Mercer Blvd. B-7 #294
Savannah, GA  31410

**Certified Mail Return Receipt**
John Difeo
Registered Agent for Agrofert USA, Inc.
3092 Bird Drive
Ravenna, OH  44266-9508

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AEI WINDDOWN, INC., | ) | Case No. 17-10500 (KJC) |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| AQUION LIQUIDATING TRUST, BY AND | ) | |
| THROUGH ITS LIQUIDATING TRUSTEE, | ) | |
| | ) | Adversary No. 19-50118 (KJC) |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| AGROFERT USA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF DISPUTE RESOLUTION ALTERNATIVES

As party to litigation you have a right to adjudication of your matter by a judge of this Court. Settlement of your case, however, can often produce a resolution more quickly than appearing before a judge. Additionally, settlement can also reduce the expense, inconvenience, and uncertainty of litigation.

There are dispute resolution structures, other than litigation, that can lead to resolving your case. Alternative Dispute Resolution (ADR) is offered through a program established by this Court. The use of these services are often productive and effective in settling disputes. **The purpose of this Notice is to furnish general information about ADR.**

The ADR structures used most often are mediation, early-neutral evaluation, mediation/arbitration and arbitration. In each, the process is presided over by an impartial third party, called the "neutral".

In mediation and early neutral evaluation, an experienced neutral has no power to impose a settlement on you. It fosters an environment where offers can be discussed and exchanged. In the process, together, you and your attorney will be involved in weighing settlement proposals and crafting a settlement. The Court in its Local Rules requires all ADR processes, except threat of a potential criminal action, to be confidential. You will not be prejudiced in the event a settlement is not achieved because the presiding judge will not be advised of the content of any of your settlement discussions.

Mediation/arbitration is a process where you submit to mediation and, if it is unsuccessful, agree that the mediator will act as an arbitrator. At that point, the process is the same as arbitration. You, through your counsel, will present evidence to a neutral, who issues a decision. If the matter in controversy arises in the main bankruptcy case or arises from a subsidiary issue in an adversary proceeding, the arbitration, though voluntary, may be binding. If a party requests *de novo* review of an arbitration award, the judge will rehear the case.

**Your attorney can provide you with additional information about ADR and advise you as to whether and when ADR might be helpful in your case.**

| | |
|---|---|
| Dated: March 7, 2019 | */s/ Una O'Boyle* |
| | Clerk of the Court |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:                                              )    Chapter __
                                                    )
                                                    )    Bk. Case No. _____
                      Debtors(s)                    )
_____                   )
                                                    )
                                                    )
                      Plaintiff(s),                 )
                                                    )
         v.                                         )
                                                    )    Adv. Pro. No. _____
                                                    )
                                                    )
                      Defendant(s)                  )
                                                    )

### CERTIFICATE PURSUANT TO DEL. BANKR. L.R. 9019-5(j)(iii)

_____, defendant in the above-captioned adversary proceeding, hereby elects to opt-in to the alternative procedures provided under Rule 9019-5(j) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

The undersigned certifies that it has served this Certificate on counsel for the plaintiff in this adversary proceeding as required pursuant to Rule 9019-5(j)(iii) of the Local Rules.

Dated: _____

                                   _____

Local Form 118

**Rule 9019-5    Mediation**.

(a)    Types of Matters Subject to Mediation.  The Court may
assign to mediation any dispute arising in an adversary
proceeding, contested matter or otherwise in a bankruptcy
case.  Except as may be otherwise ordered by the Court, all
adversary proceedings filed in a business case shall be
referred to mandatory mediation, except an adversary
proceeding in which (i) the United States Trustee is the
plaintiff; (ii) one or both parties are *pro se*; or
(iii) the plaintiff is seeking a preliminary injunction or
temporary restraining order.  Parties may also stipulate to
mediation, subject to Court approval.

(b)    Effects of Mediation on Pending Matters.  The assignment of
a matter to mediation does not relieve the parties to that
matter from complying with any other Court orders or
applicable provisions of the Code, the Fed. R. Bankr. P. or
these Local Rules.  Unless otherwise ordered by the Court,
the assignment to mediation does not delay or stay
discovery, pretrial hearing dates or trial schedules.

(c)    The Mediation Process.

    (i)    Cost of Mediation.  Unless otherwise ordered by the
Court, or agreed by the parties, (1) in an adversary
proceeding that includes a claim to avoid and
recover any alleged avoidable transfer pursuant to
11 U.S.C. §§ 544, 547, 548 and/or 550, the
bankruptcy estate (or if there is no bankruptcy
estate, the plaintiff in the adversary proceeding)
shall pay the fees and costs of the mediator and (2)
in all other matters, the fees and costs of the
mediator shall be shared equally by the parties.

    (ii)    Time and Place of Mediation Conference.  After
consulting with all counsel and *pro se* parties, the
mediator shall schedule a time and place for the
mediation conference that is acceptable to the
parties and the mediator.  Failing agreement of the
parties on the date and location for the mediation
conference, the mediator shall establish the time
and place of the mediation conference on no less
than twenty-one (21) days' written notice to all
counsel and *pro se* parties.

    (iii)    Submission Materials.  Unless otherwise instructed
by the mediator, not less than seven (7) days before

148

the mediation conference, each party shall submit
directly to the mediator and serve on all counsel
and *pro se* parties such materials (the "Submission")
in form and content as the mediator directs.  Any
instruction by the mediator regarding submissions
shall be made at least twenty-one (21) days in
advance of a scheduled mediation conference.  Prior
to the mediation conference, the mediator may talk
with the participants to determine what materials
would be helpful.  The Submission shall not be filed
with the Court and the Court shall not have access
to the Submission.

(iv)    Attendance at Mediation Conference.

(A)    Persons Required to Attend.  Except as provided
by subsection (j)(ix)(A) herein, or unless
excused by the Mediator upon a showing of
hardship, which, for purposes of this
subsection shall mean serious or disabling
illness to a party or party representative;
death of an immediate family member of a party
or party representative; act of God; state or
national emergency; or other circumstances of
similar unforeseeable nature, the following
persons must attend the mediation conference
personally:

(1)    Each party that is a natural person;

(2)    If the party is not a natural person,
including a governmental entity, a
representative who is not the party's
attorney of record and who has full
authority to negotiate and settle the
matter on behalf of the party;

(3)    If the party is a governmental entity that
requires settlement approval by an elected
official or legislative body, a
representative who has authority to
recommend a settlement to the elected
official or legislative body;

(4)    The attorney who has primary
responsibility for each party's case,
including Delaware counsel if engaged at
the time of mediation regardless of

149

whether Delaware counsel has primary
responsibility for a party, unless
Delaware counsel requests to be and is
excused from attendance by the mediator in
advance of the mediation conference; and

(5)  Other interested parties, such as insurers
or indemnitors or one or more of their
representatives, whose presence is
necessary for a full resolution of the
matter assigned to mediation.

(B)  Failure to Attend.  Willful failure to attend
any mediation conference, and any other
material violation of this Local Rule, shall be
reported to the Court by the mediator and may
result in the imposition of sanctions by the
Court.  Any such report of the mediator shall
comply with the confidentiality requirement of
Local Rule 9019-5(d).

(v)    Mediation Conference Procedures.  The mediator may
establish procedures for the mediation conference.

(vi)   Settlement Prior to Mediation Conference.  In the
event the parties reach a settlement in principle
after the matter has been assigned to mediation but
prior to the mediation conference, the plaintiff
shall advise the mediator in writing within one (1)
business day of the settlement in principle.

(d)  Confidentiality of Mediation Proceedings.

(i)    Protection of Information Disclosed at Mediation.
The mediator and the participants in mediation are
prohibited from divulging, outside of the mediation,
any oral or written information disclosed by the
parties or by witnesses in the course of the
mediation.  No person may rely on or introduce as
evidence in any arbitral, judicial or other
proceeding, evidence pertaining to any aspect of the
mediation effort, including but not limited to:  (A)
views expressed or suggestions made by a party with
respect to a possible settlement of the dispute; (B)
the fact that another party had or had not indicated
willingness to accept a proposal for settlement made
by the mediator; (C) proposals made or views
expressed by the mediator; (D) statements or

150

admissions made by a party in the course of the mediation; and (E) documents prepared for the purpose of, in the course of, or pursuant to the mediation.  In addition, without limiting the foregoing, Rule 408 of the Federal Rules of Evidence, any applicable federal or state statute, rule, common law or judicial precedent relating to the privileged nature of settlement discussions, mediations or other alternative dispute resolution procedures shall apply.  Information otherwise discoverable or admissible in evidence does not become exempt from discovery, or inadmissible in evidence, merely by being used by a party in the mediation.  However, except as set forth in the previous sentence, no person shall seek discovery from any participant in the mediation with respect to any information disclosed during mediation.

(ii)    Discovery from Mediator.  The mediator shall not be compelled to disclose to the Court or to any person outside the mediation conference any of the records, reports, summaries, notes, communications or other documents received or made by the mediator while serving in such capacity.  The mediator shall not testify or be compelled to testify in regard to the mediation in connection with any arbitral, judicial or other proceeding.  The mediator shall not be a necessary party in any proceedings relating to the mediation.  Nothing contained in this paragraph shall prevent the mediator from reporting the status, but not the substance, of the mediation effort to the Court in writing, from filing a final report as required herein, or from otherwise complying with the obligations set forth in this Local Rule.

(iii)   Protection of Proprietary Information.  The parties, the mediator and all mediation participants shall protect proprietary information.

(iv)    Preservation of Privileges.  The disclosure by a party of privileged information to the mediator does not waive or otherwise adversely affect the privileged nature of the information.

(e)  Recommendations by Mediator.  The mediator is not required to prepare written comments or recommendations to the parties.  Mediators may present a written settlement

151

recommendation memorandum to attorneys or *pro se* litigants, but not to the Court.

(f)  Post-Mediation Procedures.

    (i)  Filings by the Parties.  If a settlement is reached at a mediation, the plaintiff shall file a Notice of Settlement or, where required, a motion and proposed order seeking Court approval of the settlement within twenty-eight (28) days after such settlement is reached.  Within sixty (60) days after the filing or the Notice of Settlement or the entry of an order approving the settlement, the parties shall file a Stipulation of Dismissal dismissing the action on such terms as the parties may agree.  If the plaintiff fails to timely file the Stipulation of Dismissal, the Clerk's office will close the case.

    (ii)  Mediator's Certificate of Completion.  No later than fourteen (14) days after the conclusion of the mediation conference or receipt of notice from the parties that the matter has settled prior to the mediation conference, unless the Court orders otherwise, the mediator shall file with the Court a certificate in the form provided by the Court ("Certificate of Completion") showing compliance or noncompliance with the mediation conference requirements of this Local Rule and whether or not a settlement has been reached.  Regardless of the outcome of the mediation conference, the mediator shall not provide the Court with any details of the substance of the conference.

(g)  Withdrawal from Mediation.  Any matter assigned to mediation under this Local Rule may be withdrawn from mediation by the Court at any time.

(h)  Termination of Mediation.  Upon the filing of a mediator's Certificate of Completion under Local Rule 9019-5(f)(ii) or the entry of an order withdrawing a matter from mediation under Local Rule 9019-5(g), the mediation will be deemed terminated and the mediator excused and relieved from further responsibilities in the matter without further order of the Court.  If the mediation conference does not result in a resolution of all of the disputes in the assigned matter, the matter shall proceed to trial or hearing under the Court's scheduling orders.

(i)    <u>Modification of ADR Procedure</u>.  Any party seeking to
deviate from, or propose procedures or obligations in
addition to, the Local Rules governing ADR shall comply
with Local Rule 7001-1(a)(i).

(j)    <u>Alternative Procedures for Certain Avoidance Proceedings</u>.

    (i)    <u>Applicability</u>.  This subsection (j) shall apply to
any adversary proceeding that includes a claim to
avoid and/or recover any alleged avoidable transfer
pursuant to 11 U.S.C. §§ 547, 548 and/or 550 from
one or more defendants where the amount in
controversy from any one defendant is equal to or
less than $75,000.

    (ii)    <u>Service of this Rule with Summons</u>. The plaintiff
shall serve with the Summons a copy of this Del.
Bankr. L.R. 9019-5(j) and the Certificate (as
defined hereunder).

    (iii)    <u>Defendant's Election</u>. On or within twenty-eight (28)
days after the date that the Defendant's response is
due under the Summons, the Defendant may opt-in to
the procedures provided under this subsection (j) by
filing with the Court on the docket of the adversary
proceeding and serving on the Plaintiff, a
certificate in the form of Local Form 118
("Certificate").  The time period provided hereunder
to file the Certificate is not extended by the
parties' agreement to extend the Defendant's
response deadline under the Summons.

    (iv)    <u>Mediation of All Claims</u>.  Unless otherwise agreed by
the parties, the Defendant's election to proceed to
mediation under subsection (j)(iii) operates as a
referral of all claims against the Defendant in the
underlying adversary proceeding.

    (v)    <u>Appointment of Mediator</u>.  On or within fourteen (14)
days after the date that the Certificate is filed,
Plaintiff shall file either: (i) a stipulation (and
proposed order) regarding the appointment of a
mediator from the Register of Mediators approved by
the Court; or (ii) a request for the Court to
appoint a mediator from the Register of Mediators
approved by the Court.  If a stipulation or request
to appoint is not filed as required hereunder, then
the Clerk of Court may appoint in such proceeding a

mediator from the Register of Mediators approved by the Court.

(vi)     Election in Cases Where Amount Exceeds $75,000. In any adversary proceeding that includes a claim to avoid and/or recover an alleged avoidable transfer(s) from one or more defendants where the amount in controversy from any one defendant is greater than $75,000, the plaintiff and defendant may agree to opt-in to the procedures provided under this subsection (j) by filing a certificate in the form of Local Form 119 ("Jt. Certificate") on the docket of the adversary proceeding within the time provided under subsection (j)(iii) hereof that includes the parties' agreement to the appointment of a mediator from the Register of Mediators; provided, however, that in a proceeding that includes more than one defendant, only the defendant who agrees to opt-in is subject to the provisions hereof.  The use of the term "Defendant" in this subsection (j) shall include any defendant who agrees with plaintiff to mediation hereunder.

(vii)    Participation.  The parties shall participate in mediation in an effort to consensually resolve their disputes prior to further litigation.

(viii)   Scheduling Order.

         (A)     Effect of Scheduling Order. Any scheduling order entered by the Court at the initial status conference or otherwise shall apply to the parties and claims which are subject to mediation under this subsection; provided, however, that: (1) the referral to mediation under this subsection (j) shall operate as a stay as against the parties to the mediation of any requirement under Fed. R. Bankr. Proc. 7026 to serve initial disclosures, and a stay as against the parties to the mediation of such parties' right and/or obligation (if any) to propound, object or respond to written discovery requests or other discovery demands to or from the parties to the mediation; and (2)  as further provided in subsection (j)(ix)(B) hereof, after the conclusion of mediation the time frames set forth in the scheduling order entered by the Court shall be

154

adjusted so that such time frames are
calculated from the date of completion of
mediation (as evidenced by the date of entry on
the adversary docket of the Certificate of
Completion). The stay provided for under this
subsection shall automatically terminate upon
the filing of the Certificate of Completion.

(B)  Agreement to and Filing of Scheduling Order
after Conclusion of Mediation. If the
mediation does not result in the resolution of
the litigation between the parties to the
mediation, then within fourteen (14) days after
the entry of the Certificate of Completion on
the adversary docket. The parties to the
mediation shall confer regarding the adjustment
of the date and time frames set forth in the
scheduling order entered by the Court so that
such dates and time frames are calculated from
the date of completion of mediation, and agree
to a related form of scheduling order or
stipulation and proposed order, and the
plaintiff shall file such proposed scheduling
order or stipulation and proposed order on the
docket of the adversary proceeding under
certification of counsel. If the parties do
not agree to the form of scheduling order or
stipulation as required hereunder and the
timely filing thereof, then the parties shall
promptly contact the Court to schedule a
hearing to consider the entry of an amended
scheduling order.

(C)  Absence of Scheduling Order. The terms of this
subsection (viii) apply only if the Court
enters a form of scheduling order in the
underlying adversary proceeding prior to the
conclusion of mediation.

(ix)  The Mediation Conference.

(A)  Persons Required to Attend. A representative of
each party who has full authority to negotiate
and settle the matter on behalf of the party
must attend the mediation in person. Such
representative may be the party's attorney of
record in the adversary proceeding. Other
representatives of the party or the party (if

155

the party is not the representative appearing
in person at the mediation) may appear by
telephone, videoconference or other similar
means.  If the party is not appearing at the
mediation in person, the party shall appear at
the mediation by telephone, videoconference or
other similar means as directed by the
mediator.

(B)   Mediation Conference Procedures.  The mediator
may establish other procedures for the
mediation conference.

(x)   Other Terms.  Unless otherwise provided hereunder,
the provisions of Del. Bankr. L.R. 9019-5 (including
subsections (b), (c) (iv)(B), and (d) - (h)) shall
apply to any mediation conducted under this
subsection (j).